# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WARDELL M. WILLIAMSON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 08-017-JHP-KEW |
| ) | |
| JUSTIN JONES, DOC Director, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Lawton Community Correctional Center in Lawton, Oklahoma, entered a guilty plea and was convicted of Trafficking in Illegal Drugs in Carter County District Court Case No. CF-2006-210. He alleges he is not seeking to withdraw his guilty plea or to challenge his conviction, but he is seeking a sentence modification because the plea was not knowing and voluntary. According to petitioner, Page Two of the Information was dismissed, and he was sentenced as a first-time offender to 15 years' incarceration. He claims, however, that the state district court, his defense attorney, and the prosecutor erroneously advised him about his eligibility for earned credits. He is asking for relief in the form of modification of his sentence to 5 years' incarceration, to be served concurrently with his sentence in Carter County District Court Case No. 2005-321.

The respondent alleges petitioner's sole ground for relief is procedurally barred. The record shows petitioner first raised this claim in his application for post-conviction relief, which was denied by the state district court. In its Order Affirming Denial of Post-

Conviction Relief Upon Judicial Review, the Oklahoma Court of Criminal Appeals found petitioner's state district court application was brought pursuant to both Okla. Stat. tit. 22, § 1080, and Okla. Stat. tit. 22, § 982. *Williamson v. State*, No. PC-2007-1012, slip op. at 1. The Court of Criminal Appeals found there was no statutory authorization to appeal the district court's denial of petitioner's request for sentence modification. *Id.*, slip op. at 2. With respect to his claim that his plea was not entered knowingly and voluntarily because he was misled about time credits for the offense, the appellate court found the claim was procedurally barred:

> Section 1086 of the Post-Conviction Procedure Act prohibits the assertion of claims that could have been raised upon direct appeal or raised "in any other proceeding the applicant has taken to secure relief," unless there is "a ground for relief asserted which for *sufficient reason* was not asserted or was inadequately raised in the prior application." Okla. Stat. tit. 22, § 1086 (emphasis added). "We have previously construed this section [1086] as limiting the right to assert errors by one who has either waived or bypassed his statutory direct appeal. . . . We also have construed this statute to bar the assertion of alleged errors which could have been raised on direct appeal, but were not." *Jones v. State*, 704 P.2d 1138, 1140 (Okla. Crim. App. 1985). For this reason, when a post-conviction applicant, without sufficient reason, bypasses the direct appeal process, he waives any claims that could have been raised on direct appeal. *Maines v. State*, 597 P.2d 774, 775-76 (Okla. Crim. App. 1979).
>
> Petitioner's claim that his plea was not voluntarily and knowingly made presents issues that could have been raised through certiorari appeal proceedings. Petitioner did not provide the District Court with any reason for bypassing his opportunity to bring a certiorari appeal that challenged the voluntariness of his plea. He therefore has waived that issue and is now barred from raising it through post-conviction proceedings. *See Clayton v. State*, 892 P.2d 646, 650-51 (Okla. Crim. App. 1995) (where post-conviction claimant "fails to provide sufficient reason why these issues were not raised earlier [in his direct appeal] they are waived").
>
> Moreover, even if this claim was not considered to be waived and even

2

> if Petitioner could prove that his guilty plea was involuntary, Petitioner has repudiated the only relief to which he would be entitled under such circumstances. The proper remedy when a guilty plea is found to be involuntary is to permit withdrawal of that plea. In Petitioner's matter, his post-conviction application specifically rejected such relief, asking instead for modification of sentence. The District Court was therefore justified in denying Petitioner's post-conviction request for modification.

*Williamson*, slip op. at 3-4 (footnotes omitted).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Here, the Oklahoma Court of Criminal Appeals denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See id.*

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner asserts he was unaware of the limited time for pursuing certiorari review, but ignorance of the law is insufficient as a matter of law to constitute "cause" to overcome a habeas procedural bar. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). Having

3

failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

The court finds petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Petitioner has made no claim of his actual innocence.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 7th day of February 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

4